RUTLAND,
*February,*
1841.

M'Daniels
*v.*
Bucklin.

</div>

---

### Isaac McDaniels *v.* Charles M. Bucklin.

The defendant pleaded, in justification of a trespass for taking goods, that he took them as collector of a school tax, by virtue of a rate bill and warrant, and, in his plea, averred that he was appointed such collector on the third day of February, 1838, *as by the record his appointment would appear*, and the record showed that he was appointed on a different day; *Held*, that, although it might not have been necessary to refer to the record, yet, having done so, the variance was fatal, the averment being descriptive of the record.

TRESPASS, *de bonis asportatis.* The defendant pleaded not guilty, and a special plea, justifying the taking, by virtue of a rate bill and warrant, as collector of the fifth school district, in Danby; in which special plea the defendant averred, among other things, that he was elected collector of said district, at a meeting thereof, duly warned, held on the third day of February, 1838, as by the records of said school district would more fully appear.

Issues were joined to the country.

On the trial in the county court, the defendant offered in evidence the records of said school district, from which it appeared that the defendant was appointed collector of said school district, at a meeting thereof held on the eighth day of November, 1837, and not on the third day of February, 1838.

The plaintiff objected to the record, on the ground of a variance between the record and plea. But the court overruled the objection and admitted the record as evidence.

The jury returned a verdict for the defendant, and the plaintiff excepted to the decision of the county court, admitting said record.

*C. B. Harrington,* for plaintiff, contended that the variance, being in a matter of description, was fatal; and cited *Purcell* v. *Macnamara,* 9 East, 157. 19 Johns. 66. 3 Stark. Ev. 1598.

*J. C. Dexter,* argued for defendant.

The opinion of the court was delivered by

ROYCE, J.—It might have been sufficient for the defendant to allege that he was chosen collector on a certain day, without referring to the record as evidence of that fact. If so, the time alleged would be regarded as unimportant, and it would suffice to prove himself appointed at a different time. But as he chose to vouch the record of a particular meeting, (though, perhaps, unnecessarily) as the evidence of his appointment, the alleged time of holding that meeting became descriptive of the record to be used in support of the plea. The allegation is, that he was appointed on the third day of February, 1838, as by the record of a meeting, holden on that day, would appear. The record of another meeting, holden on the eighth day of November, 1837, could not satisfy that allegation. It could neither show an appointment on the third day of February, nor was it the evidence proffered by the plea.

<div align="center">Judgment of the county court reversed.</div>